IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Lemar Miles, ) | Case No.: 8:23-cv-3365-JD-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| John Vandermosten, Ronald Hollister, ) | |
| Scottie Bodiford, Marshall Stowers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 12.) Plaintiff Brandon Lemar Miles ("Petitioner" or "Miles"), a pretrial detainee at the Greenville County Detention Center and proceeding *pro se*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants John Vandermosten, Ronald Hollister, Scottie Bodiford, and Marshall Stowers (collectively "Defendants") violated his rights under the United States Constitution. (DE 1, pp. 2, 4.)

Plaintiff contends that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because his "request for higher chain of command" was ignored, he was wrongfully charged with kidnapping, his character was defamed, and he has been denied the right to contact the outside world, his lawyer, and his family. (Id. at 4.) Plaintiff further contends that the events giving rise to his claims occurred on December 22, 2022, in Dorm-O of Building 2 at

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the Greenville County Detention Center.  (Id. at 5.)  For his injuries, Plaintiff alleges he suffers from mental health issues and "to be accused of such a [heinous] crime" caused him to suffer humiliation, embarrassment, and depression.  (Id. at 6.)  For relief, Plaintiff asks that the kidnapping charge be dismissed, and he seeks monetary damages in the amount of $1 million.  (Id.)

The Report was issued on August 29, 2023, recommending the action be summarily dismissed because Plaintiff failed to allege facts to state a cognizable constitutional claim.[2]  (DE 12.)  Plaintiff has not objected to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 12) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without issuance and service of process.

---

[2] The Report recommends dismissal because, among other reasons, the allegations in the Complaint are cursory and the Court is unable to determine what precise causes of action Plaintiff intends to assert in this case.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23 , 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3